IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAMIKO BOLTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 125-298 |
| | ) | |
| WENDY JACKSON, | ) | |
| | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION**

---

*Pro se* petitioner Tamiko Bolton filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging her conviction in the Superior Court of Richmond County.  (Doc. no. 1.)  Her case was originally filed in the Macon Division of the Middle District of Georgia but was transferred to the Augusta Division of the Southern District of Georgia on December 16, 2025.  (Doc. no. 4.)  Bolton filed an amended petition on January 21, 2026.  (Doc. no. 8.)  As it appears from the face of her amended petition that it is unexhausted, it should be **DISMISSED**.  See Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

I.     **BACKGROUND**

Petitioner Tamiko Bolton was convicted of felony murder by a Richmond County Superior Court jury, and on June 11, 2025, was sentenced to life with the possibility of parole.

(Doc. no. 8, pp. 1-2); see also Richmond County Clerk of Court Web Docket, available at https://www.augustaga.gov/421/Case-Management-Search, (follow "Criminal Search" hyperlink; then search for Case #2024RCCR01209, last visited April 17, 2026) (hereinafter "Richmond Cnty. Docket, #2024RCCR01209").[1]  On June 12, 2025, Petitioner filed a Motion for a New Trial, which remains pending.  See Richmond Cnty. Docket, #2024RCCR01209. Petitioner alleges in her amended petition that she appealed her conviction to the Georgia Supreme Court.  (Doc. no. 8, p. 2-3.)  However, a search of publicly available records does not corroborate this claim.  See Supreme Court of Georgia Docket Search, available at https://www.gasupreme.us/docket-search/ (follow "Search by Party Name(s)" field; then search "Bolton" and "Tamiko Bolton", last visited April 21, 2026) (hereinafter "Ga. Supreme Ct. Docket").

Petitioner challenges her state conviction on multiple grounds, including lack of subject-matter jurisdiction, defective indictment and accusation, violation of due process, and ineffective assistance of counsel.  (See generally doc. no. 8.)  Petitioner further alleges that the prosecution relied upon the testimony of an intoxicated witness, that a co-defendant's charges were dropped after exculpatory text messages surfaced placing him elsewhere, that investigators conducted an unlawful search of her home, and that no physical or DNA evidence was recovered linking her to the offense.  (Id. at 10-11.)  Prior to filing her amended petition, Petitioner also filed a request for appointed counsel.[2]  (Doc. no. 3.)

---

[1] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

[2] In the same document, Petitioner also requests that the Court grant her release pending review and conduct an investigation of the State of Georgia. (Doc. no. 3.)  The Court **CONSTRUES** those requests as further requests for relief pursuant to her § 2254 petition which similarly included demands for immediate relief and for an evidentiary hearing on her claims (doc. 8, p. 5).  Because her petition is unexhausted, these requests should be **DISMISSED AS MOOT**.

2

## II.    DISCUSSION

### A.  Motion for Counsel

Before reaching the merits of the petition, the Court must address her request for counsel.  (Doc. no. 3.)  Although Petitioner asserts that she lacks a legal education, she does not point to any fact that warrants appointment of counsel.  (Doc. no. 3.)  There is no automatic constitutional right to counsel in habeas proceedings.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  Under 28 U.S.C. § 2254(h) and Rule 8(c) of the Rules Governing Section 2254 Cases (mandating appointment of counsel pursuant to 18 U.S.C. § 3006A when an evidentiary hearing is warranted), the Court has authority to appoint counsel in habeas corpus proceedings brought pursuant to 28 U.S.C. § 2254.  However, such requests are discretionary with the courts, and appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]"  Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987)).  Moreover, it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process."  Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979) (cites omitted).  The Court discerns no "exceptional circumstances" warranting appointment of counsel, particularly, as explained below, because the Petition should be dismissed as unexhausted.  Bolton's request for appointed counsel is therefore **DENIED**.

### B.  The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to [her] by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An

3

applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if [s]he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added).  A state inmate is deemed to have exhausted [her] state judicial remedies when [s]he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on [her] claims before [s]he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless [s]he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."  Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).  However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  In Georgia, a

4

petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

Moreover, it is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[3] In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). Instead, exhaustion may be excused where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the right of the applicant." 28 U.S.C. 2254(b). However, excusing exhaustion is appropriate only "in rare instances," and "would be inappropriate . . . where the petitioner has a viable state procedure available at the same time [s]he files [her] federal petition." Hughes v. Stafford, 780 F.2d 1580, 1581 (11th Cir.

---

[3] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

5

1986); <u>Madison v. Laughlin</u>, 2021 WL 4395636, at *1 (S.D. Ga. May 6, 2021) (finding petitioner failed to exhaust state remedies when state habeas proceeding was pending when federal petition was filed), <u>adopted</u> 2021 WL 3856456 (S.D. Ga. Aug. 30, 2021).

### C. Petitioner Failed to Exhaust State Remedies

Petitioner alleges in her amended petition that she appealed her conviction to the Georgia Supreme Court, which if true, would suggest exhaustion of state remedies. (Doc. no. 8, pp. 2-3.) However, publicly available records do not corroborate this claim. <u>See</u> Ga. Supreme Ct. Docket, *supra* p. 2. To the contrary, the Richmond County docket reflects petitioner's Motion for New Trial remains pending and has not been ruled upon, indicating she has not completed even the first step of the appellate process. <u>See</u> Richmond Cnty. Docket, #2024RCCR01209. Moreover, should she not be satisfied with the ruling on her Motion for New Trial, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise the claims she brings in her current habeas petition. <u>See</u> <u>Henderson v. Hames</u>, 697 S.E.2d 798, 801 (Ga. 2010); <u>Goodwin v. Knighten</u>, 387 S.E.2d 887, 887 (Ga. 1990); <u>see also</u> O.C.G.A. §§ 9-14-41, 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions). Moreover, although Petitioner waves vaguely at difficulties with the Courts, she does not indicate that she has been prevented from filing an appeal, or a habeas motion. In fact, the motion for new trial (although pending overly long) suggests avenues of relief at the state level remain open and available to her. As a result, excusing the exhaustion requirement in this case would be inappropriate.

In sum, Petitioner's underlying criminal proceeding has not yet concluded nor has she proceeded with a direct appeal or state habeas petition. Requiring exhaustion will allow for factual development of the claims and provide the state courts with the first opportunity to correct any alleged constitutional violations. As Petitioner has not exhausted available state court remedies, her federal habeas corpus petition should be dismissed without prejudice.

## III. CONCLUSION

For the reasons set forth above, Petitioner's request to appoint counsel is **DENIED**,[4] (doc. no. 3), the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO ORDERED and REPORTED and RECOMMENDED this 22nd day of April, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] As discussed *supra* fn. 2, the Court **CONSTRUES** any additional requests contained in that filing as further requests for relief pursuant to the § 2254 petition. Because her petition is unexhausted, these requests should be **DISMISSED AS MOOT**.